MARY H. PARROTTE v. CITY OF OMAHA ET AL.

FILED DECEMBER 18, 1900. No. 9,341.

1. **Metropolitan City: MAYOR AND COUNCIL: OPENING STREET: SPECIAL TAX.** The mayor and council of cities of the metropolitan class have authority to raise, by special taxation of property benefited, a fund to defray the cost and expense of opening a street within the corporate limits.

2. **Special Tax: INJUNCTION: ONUS PROBANDI.** A party seeking to enjoin the collection of a special tax has the burden of showing that the taxing power was not lawfully exercised, or that there are fatal infirmities in the proceedings leading up to the tax levy.

ERROR from the district court for Douglas county. Tried below before POWELL, J. *Affirmed.*

*Hamer & Hamer*, for plaintiff in error.

*W. J. Connell*, contra.

SULLIVAN, J.

This action was instituted by Mary H. Parrotte and others to enjoin the collection of a special tax levied by the mayor and council of the city of Omaha to defray the cost of opening Twenty-ninth avenue from Farnam street to Half-Howard street in said city. The petition alleges: "The plaintiff Mary H. Parrotte is the owner of the following described property in said county and state, to-wit: The west 44 feet of lot four (4), block eleven (11),

McCormick's addition; which said property faces on 29th avenue and extends along said street 173 feet." It is also alleged that the assessment complained of is void for various reasons. The answer admits the corporate character of the defendant city; admits the location and ownership of the property as stated in the petition; admits the opening of Twenty-ninth avenue by the city authorities and the levy of a special tax upon said property to defray the cost and expense of the improvement. The other material averments of the petition are denied. The court found the issues in favor of the defendants and refused to enjoin the enforcement of the tax. The record upon which the case is submitted in this court does not include the evidence given at the trial; it comprises only the petition, answer and decision of the court.

The brief of counsel for Parrotte is an admirable restatement and condensation of the petition in error, but does not profess to discuss or reason upon a single one of the alleged errors to which it reproachfully points. Stimulated, however, by the mere suggestion of error, we have examined with some care each of the fourteen points relied on for a reversal of the judgment; but our diligence and industry have not been rewarded by the discovery of any judicial aberration from which the plaintiffs, or any of them, have suffered. The constitution (art. 9, sec. 6) provides: "The legislature may vest the corporate authorities of cities, towns and villages, with power to make local improvements by special assessment, or by special taxation of property benefited." The Omaha charter enacted in pursuance of this provision of the fundamental law conferred upon the mayor and council the authority which they assumed to exercise in opening Twenty-ninth avenue and in raising a fund with which to defray the cost and expense of the improvement. It may be, as counsel claims, that there are fatal infirmities in the proceedings leading up to the tax levy, but if so, the record does not disclose them. The mayor and council had power to levy and collect the tax in question; and in cases

of this kind the burden is on the plaintiff to show that such power was not lawfully exercised.

The judgment is

AFFIRMED.